THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN ZAPERT**
*Senior Counsel*
Phone: (212) 356-2354
Fax: (212) 356-3509
bzapert@law.nyc.gov

MEMO ENDORSED

April 22, 2020

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Amaury Gomez v. the City of New York et al.,
             20 Civ. 1114 (CM) (BCM)

Your Honor:

       I represent the defendant The City of New York in this case. I am writing to respectfully request that the Court stay this case in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic, and because there is an open Civilian Complaint Review Board investigation regarding the incident underlying the complaint. This is the City's first request for such relief. Plaintiff consents to this request.

       By way of background, the complaint in this case alleges civil rights claims under 42 U.S.C. § 1983 against the City and a number of unidentified officers. On February 10, 2020, this case was designated to participate in the Local Civil Rule 83.10 early mediation plan. Under the plan schedule, the City's answer is currently due on May 14, 2020, and City's disclosures including plan designated documents are due twenty-one days later on June 13. The City may not be in a position to meaningfully respond to the complaint or provide the plan-related discovery because of the current COVID-19 pandemic and the open CCRB investigation.

       As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity, and recently extended the stay-at-home order to May 15. To comply with Governor Cuomo's latest executive

order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees, including me, work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, comply with the § 1983 production schedule, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

Further, as mentioned above, on information and belief, the CCRB is still conducting its investigation into the incident underlying the complaint in this action. Until that investigation is closed, this office cannot obtain the CCRB investigation documents.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90). This will give this Office the time and opportunity needed to adjust to these extraordinary circumstances.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert* /s/

Brian Zapert
*Senior Counsel*

cc: **BY ECF**
John P. Grill, Esq.
Law Offices of John P. Grill
*Attorneys for Plaintiff*