

```
                                                      ┌─────────────────────────┐
                                                      │ USDC SDNY               │
                                                      │ DOCUMENT                │
                                                      │ ELECTRONICALLY FILED    │
                                                      │ DOC #: _____  │
                       THE CITY OF NEW YORK           │ DATE FILED: 8/12/2020   │
JAMES E. JOHNSON       LAW DEPARTMENT                 └─────────────────────────┘
Corporation Counsel    100 CHURCH STREET                          BRIAN ZAPERT
                       NEW YORK, NY 10007                          Senior Counsel
                                                          Phone: (212) 356-2354
                                                            Fax: (212) 356-3509
                                                           bzapert@law.nyc.gov
```

July 24, 2020

8/12/2020

The Court grants one last 60 day Extension of deft's time to Answer.

*[signature: Colleen McMahon]*

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Amaury Gomez v. the City of New York et al.</u>,
            20 Civ. 1114 (CM) (BCM)

**MEMO ENDORSED**

Your Honor:

    Defendant City of New York writes to provide a brief status update and respectfully request a stay of this case in its entirety for ninety (90) days. Defendant has requested one prior ninety day extension to the scheduling order, which Your Honor granted on April 23, 2020. Plaintiff "opposes (this request) without specific language waiving all statute of limitations defenses relative to filing the amended and serving the individual defendants."

    With respect to plaintiff's objection, defendants note that the statute of limitations for plaintiff's federal claims – and thus the time to add any newly identified officers – does not run until January 30, 2022. Thus, a waiver of the statute of limitations to add any as yet unidentified officers here is unnecessary as the stay will lapse long before the three-year limitation period expires.

    Defendants seek an additional stay of 90 days stay to allow the CCRB to close its investigation and for the New York Police Department to provide us documentation to identify the officers involved in the alleged misconduct in this case. This time is necessary because of the scope of the discovery in this case and the substantial challenges inherent in working remotely. The issues in this case implicate multiple agencies and the pandemic has made coordinating and obtaining responsive materials more time consuming. Counsel for defendants and presumably for plaintiff have worked remotely since the last stay of discovery was granted and unfortunately anticipate doing so for some time going forward. Defendant City of New York understands that documentation will be needed from the NYPD to fully respond to plaintiff's complaint. The NYPD has limited ability to provide the Law Department with documents that are necessary for

litigation (as has been the case for some months), given the many demands on the NYPD due to the pandemic.

For the reasons set forth above, defendants request a further stay in litigation for 90 days from July 24, 2020 to October 22, 2020. Further, as mentioned above, on information and belief, the CCRB is still conducting its investigation into the incident underlying the complaint in this action. Until that investigation is closed, this office cannot obtain the CCRB investigation documents.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert* /s/
Brian Zapert
*Senior Counsel*

cc: **BY ECF**
John P. Grill, Esq.
Law Offices of John P. Grill
*Attorneys for Plaintiff*

- 2 -