UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

AMAURY GOMEZ,                                   20 CV 1114 (JPC)

               Plaintiffs,            **CONFIDENTIALITY STIPULATION AND**
      -against-                              **PROPOSED PROTECTIVE ORDER**

THE CITY OF NEW YORK and POLICE
OFFICERS JOHN DOE and JOSEPH
HUNT, Shield No. 25560,

               Defendants.

----------------------------------------------------------x

      **WHEREAS**, defendant City of New York intends to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that it deems to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, defendant City of New York objects to the production of these documents unless appropriate protection for their confidentiality is assured; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(e) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the respective parties, as follows:

      1.    As used herein, "Confidential Materials" shall mean (a) NYPD employment/personnel records; (b) disciplinary histories or other records from the NYPD IAB, CCRB other NYPD divisions or any governmental agencies; (c) NYPD investigatory records concerning the conduct of members of service conducted by the NYPD or other agency, that have been designed by the City as "Confidential Materials" subject to this Order, (d) documents

that the parties agree should be subject to this Order, and (e) any document that the Court directs to be produced subject to this Order, (f) other documents and information that may in good faith, during the pendency of this litigation be designated Confidential Materials. Such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff and his counsel shall not use the Confidential Materials for any purpose other than for the preparation or presentation of his client's case in this action.

3. Counsel for plaintiff and his respective clients shall not disclose the Confidential Materials to any person not a member of the staff of the law office of attorneys of record in this action, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of a party's case in this action.

    b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by an attorney of record in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the disclosing attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the disclosing attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. Defendants or their attorneys may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel. To effectuate the purpose of subsection (b), all parties and their counsel are to hold the transcript as Confidential Materials until defendants' counsel has had an opportunity to notify all parties of their confidentiality designations in keeping with the provisions of this subsection.

6. If a party's counsel objects to the designation of any Confidential Materials as such, he or she shall state such objection in writing to all counsel of record, and counsel shall attempt in good faith to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential Materials until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the party seeking to file

the material shall make an application to the Court for permission to file those papers under seal.

Upon receipt of permission, the party shall follow the District Court protocol for filing under seal. Specifically, the parties shall comply with Rule 4 of the Court's Individual Rules and Practices in Civil Cases when seeking to file any document under seal.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

10. The Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: December 20, 2021
New York, New York

JOHN P. GRILL
THE LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, New York, 10512
917-601-5507
Attorney for Plaintiff

By: _____
John P. Grill

GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York and Officer Joseph Hunt
100 Church Street
New York, NY 10007
(212) 356-____

By: _____
Brian Zapert

SO ORDERED.

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2021
       New York, New York

EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated December ___, 2021, in the action titled Gomez v. City of New York, et. al., 20 CV 1114 (JPC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                              Signature

                                  _____
                                  Print Name

                                  _____
                                  Occupation